**United States Bankruptcy Court**
**Southern District of New York**

|  | Chapter 13 Case No. 20-10034 (CGM) |
|---|---|
| In re  Janice Carrington  Debtor. | |

**ORDER APPROVING DEBTOR'S APPLICATION FOR APPROVAL OF THE SALE OF HER RIGHT, TITLE AND INTEREST IN PROPERTY 524 EAST 72nd STREET, APARTMENT 43C, NEW YORK, NY 10021, FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. §§363 (b) and (f) AND PAYMENT OF EXPENSES OF SALE IN CONNECTION THEREWITH;**

Upon the motion (the "Sale Motion") of Janice Carrington, the above-referenced debtor (the "Debtor"), for approval of the sale of her Property at **524 EAST 72nd STREET, APARTMENT 43C, NEW YORK, NY 10021** (the "Property") to Amir Tony Ellison (the "Buyer") pursuant to 11 U.S.C. § 363 (b) and (f) and **free and clear of any interests**, including all liens, claims and encumbrances (collectively, the "Mortgage, Common Charge, Tax and Judgment Liens"), including, but not limited to, (a) tax liens, (b) any lis pendens filed by US Bank National Association ("US Bank") or as referred to as Specialized (defined below); (c) mortgage lien of Specialized Loan Servicing, LLC as servicer for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-5, U.S. Bank National Assoc. (either or collectively "Specialized"); (d) common charge lien and judgment lien of The Belaire Corporation ("<u>Belaire</u>") and (e) any other judgment lien, including but not limited to: any (i) parking violation judgment reflected on Buyer's title report; (ii) judgment lien held by Linden-Marshall Contracting in the original judgment amount of $20,508.00 (for which counsel has represented that Linden-Marshall Contracting has agreed to grant a satisfaction of judgment at closing in exchange for $10,000 paid at closing); and (iii) any judgment lien of the Mission of the Kingdom of the Netherlands and/or its agent or assignee ("Mission"); and upon the Sale Motion and the exhibits, including the cash sales contract for $1,475,000.00 between the Debtor and the Buyer dated January 13, 2020 (the "Sales Contract"); and Belaire, through its counsel, having agreed on the record to accept the sum of $102,021.967 at closing, which Belaire has asserted is due for outstanding common charges, legal fees and late fees as of January 29,

1

2020, together with any additional common charges, late fees and legal fees which may accrue through closing (the "Allowed Condominium Charges") and further agreeing to provide a satisfaction at closing of any judgment and release of common charge lien, and further agreeing that $32,450.01 (the "Disputed Condominium Interest Claim"), which represents interest asserted by Belaire, shall be held in escrow by Debtor's counsel, or if the Purchaser's title company requires, by the title company, pending determination of the allowance of said amount; and a hearing having been heard on February 6, 2020 before the Honorable Cecilia H. Morris, and Barbie D. Lieber, Esq., chapter 13 counsel and Joel Shafferman, Esq, proposed chapter 11 counsel to the Debtor and as recognized by the Court as the Debtor's co-counsel, and Paul Ricotta, Esq. of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. appearing on behalf of Belaire ; and upon the record of the hearing; and no objections having been made thereto and sufficient cause appearing therefor, and after due deliberation, in accordance with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support approval of the Sale Motion.  To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**THE COURT FINDS AND CONCLUDES THAT:**

(1)     Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

(2)      This is a core proceeding arising under sections 363 of the Bankruptcy Code and arising in a case under the Bankruptcy Code.  See 28 U.S.C. §157(b)(1).

(3)     This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of title 28 of the United States Code.  See 28 U.S.C. §157(b)(2).

2

(4) The Sales Contract has been negotiated in good faith and at arms' length by and between the Debtor and the Purchaser.

(5) The Debtor has advanced sound business reasons for seeking to sell the Property and as set forth in the Sale Motion, and it is a reasonable exercise of the Debtor's business judgment to enter into the Sales Contract.

(6) The total consideration to be realized by the Debtor pursuant to the Contract is fair and reasonable, and the transaction contemplated by the Sales Contract is in the best interests of the Debtor.

(7) It is in the best interests of the Debtor's estate and her creditors for the Debtor to sell the Property pursuant to the Sales Contract.

(8) The Purchaser is a purchaser acting in good faith as such term is used in the Bankruptcy Code and is entitled to the protections set forth in section 363(m) of the Bankruptcy Code if they consummates a purchase of the Property in accordance with this order and the Sales Contract.

**ACCORDINGLY, IT IS**

**ORDERED**, that the Sale Motion is granted as set forth herein, and pursuant to sections 363(b) and (f) of the Bankruptcy Code, and contingent upon the submission of a fully completed application package pursuant to Section 8 of the By-Laws of The Belaire Condominium, as adopted May 22, 2018 (the "By-Laws"), and the subsequent release or waiver by Belaire of its right of first refusal (the "ROFR Waiver"), the Debtor is authorized and directed to sell and transfer the Property to the Purchaser (the "Sale"); and it is further

**ORDERED**, that the terms, conditions and provisions of the Sales Contract are approved in their entirety; and it is further

**ORDERED**, Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of 11 USC 363(m); and it is further

3

**ORDERED**, consistent with the Sale Motion, the Property is sold pursuant to 11 USC sections 363(b) and (f) free and clear of all liens, claims, encumbrances and other interests, including the Mortgage, Common Charge, Tax and Judgment Liens, with any such liens, claims and encumbrances to attach to proceeds, such that clean title will pass to the Buyer; and it is further

**ORDERED**, Debtor is authorized to sell the Property to the Buyer and execute any documents necessary to effectuate the transfer; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments, necessary and appropriate to consummate the transactions contemplated by the Sales Contract and this Order; and it is further

**ORDERED**, the Debtor and her agents, including counsel, are authorized to distribute the proceeds of sale in accordance with the terms of the Sale Motion and Sales Contract, as modified by the record of the hearing and this Order, including but not limited to: (1) Specialized and/or its assignee or agents in full satisfaction of the mortgage on the Property; (2) any governmental unit for parking violations; (3) Belaire as further described below; (4) Linden-Marshall Contracting as further described below; (5) closing costs; (6) real estate taxes and related charges owed to the City of New York; (7) real estate legal fees and ordinary course expenses; (8) title fees; (9) real estate commissions to Purchaser's broker; and (10) taxes (collectively, the "Expenses of Sale") and is further

**ORDERED**, that the Debtor and her agents, including counsel, are authorized and directed to (i) distribute the proceeds of sale at closing to Belaire in the amount of the Allowed Condominium Charges and (ii) fund an escrow account to be held by Debtor's counsel or the Title Company in the amount of the Disputed Condominium Interest Claim pending determination by this Court of the allowance of such claim or an agreement between the Debtor and Belaire as to the amount of such allowed claim; and it is further

4

**ORDERED**, that any other liens or judgments that may be discovered by the title company other than forgoing and which are disputed and not otherwise resolved by the Debtor will attach to proceeds in accordance with section 363 of the Bankruptcy Code and be will held on escrow by counsel for the Debtor or title company until such lien or judgment has been resolved either through litigation or settlement; and it is further

**ORDERED**, that, upon receipt of the Allowed Condominium Charges and evidence of funding of the Disputed Condominium Interest Claim in escrow, and contingent upon Belaire's granting of the ROFR Waiver, Belaire shall deliver a satisfaction of judgment and satisfaction of common law lien or such other document as may be required by Buyer's title company; and it is further

**ORDERED**, at the closing, the Debtor and her agents, including her co-counsel, are authorized to distribute to Linden-Marshall Contracting from the proceeds of sale the sum of $10,000, and Linden-Marshall Contracting shall deliver at or before the closing a satisfaction of judgment and any other documents that may be required by Buyer's title company; and it is further

**ORDERED**, the Debtor and her agents, including her co-counsel, are authorized to resolve the alleged judgment purportedly held by Mission of the Kingdom of the Netherlands against the Debtor, and pay such settled amount at closing in exchange for the issuance of Mission of the Kingdom of the Netherland's satisfaction of judgment to be delivered on or before to closing as required by Buyer's title company; and in the event that such resolution is not reached prior to or at closing, the Debtor's co-counsel Shafferman & Feldman LLP and/or Buyer's Title Company shall be authorized to hold in escrow the amount necessary to satisfy the alleged judgment pending determination of the allowance of such claim; and it is further

**ORDERED**, any surplus in excess of the Expenses of Sale and escrowed monies referenced above, shall be turned over to Debtor's co-counsel Shafferman & Feldman LLP who should hold it in escrow and distribute it in accordance with further orders of this Court; and it is further

5

**ORDERED**, that this Order shall be binding upon, and inure to the benefit of the Debtor, the Purchasers and their respective assigns, including, without limitation, any trustee(s) hereafter under chapter 11 or chapter 7 of the Bankruptcy Code; and it is further

**ORDERED**, that the parties to the Contract shall be entitled to the protection of section 363(m) of the Bankruptcy Code with respect to the sale of the Property approved and authorized herein in the event this Order or any authorization contained herein is reversed or modified on appeal; and it is further

**ORDERED**, that the Sale is not subject to avoidance, pursuant to section 363(n) of the Bankruptcy Code; and it is further

**ORDERED**, that this Court shall retain jurisdiction over the implementation and enforcement of the provisions of this Order and the Sales Contract and supplement or amendment thereto; and it is further

**ORDERED**, that the Debtor and her representatives are directed to execute and deliver such other documents and instruments, and take such other actions as may be necessary to implement, effectuate and consummate the sale of the Property, the Sales Contract and supplement or amendment thereto and any other related documents, and the transactions contemplated thereby; and it is further

**ORDERED**, that the fourteen (14) day stay provided for in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the õBankruptcy Rulesö) shall not be in effect, and pursuant and this Order shall be effective and enforceable immediately upon entry.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot.

**Dated: February 25, 2020**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**